UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LEROY KELLY, # 114732, ) | Civil Action No.: 4:10-cv-982-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | |
| MR. WHITE, Warden; MR. WRIGHT, ) | **REPORT AND RECOMMENDATION** |
| Lieutenant; MS. ISSAC, Officer; MR. ) | |
| DAVIS, Officer; MR. BING, Lieutenant; ) | |
| MR. JONES, Captain; MR. McCANT, ) | |
| Lieutenant; MR. DILLINGER, Captain; ) | |
| MR. VALANSKI, Officer; MR. ) | |
| PENDERGRASS, Officer; and MR. ) | |
| TILMAN, Invesigator; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his Complaint an inmate in the custody of the South Carolina Department of Corrections (SCDC), being housed at the Broad River Correctional Institution (BRCI). Plaintiff raises claims under 42 U.S.C. § 1983, complaining of excessive force and conspiracy.

Presently before the Court is Defendants' Motion to Dismiss (Document # 19). Because he is proceeding pro se, Plaintiff was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion could result in the motion being granted. Plaintiff filed a Response (Document # 25).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this Motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his Complaint detained at the Spartanburg County Detention Facility (SCDF). Plaintiff raises claims under 42 U.S.C. § 1983, complaining of an injury to his eye and being hit in the head by an Officer.

Presently before the Court is Defendants' Motion to Dismiss and for Summary Judgment (Document # 47).[1] Because he is proceeding pro se, Plaintiff was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion could result in the motion being granted. Plaintiff filed a Response (Document # 54).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this Motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

Plaintiff alleges that he was assaulted by Defendant Officer Wright on October 3, 2005, while other Officers watched and failed to intervene. Among numerous other documents, Plaintiff attaches to his Complaint a copy of the Step One Grievance Form, dated October 3, 2005, in which he addresses the assault by Officer Wright. It appears that Plaintiff received a Response from the Inmate Grievance Coordinator on January 9, 2006, in which Montgomery states that he forwarded the grievance for necessary action on November 3, 2005, and received a response from headquarters on January 9, 2006, indicating that Plaintiff's complaint would be investigated by the Division of Investigations. Montgomery further stated that he would notify Plaintiff when he received a response. See Step One Grievance Form.

In his Response to Defendants' Motion, Plaintiff asserts that his Step One Grievance was

---

[1] Because both Defendants and Plaintiff submit matters outside the pleadings in support of their arguments, the Court will treat this as a Motion for Summary Judgment.

denied on December 3, 2008, and that he filed his Step Two Grievance shortly there after. He further asserts that SCDC's final decision on his Grievance was rendered on May 18, 2009, and he received it on June 9, 2009. However, the documents attached to Plaintiff's Complaint do not support these assertions.[2]

## III.    STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir.1991). It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir.1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations omitted).

## IV.    DISCUSSION

Defendants move to dismiss this action as untimely. They argue that Plaintiff's claim falls outside the applicable statute of limitations. Plaintiff argues that the statute of limitations should be tolled in light of the SCDC's delayed response to his Grievances.

---

[2] In fact, in his Complaint, Plaintiff states that he received a response to his Step One Grievance, filed a Step Two Grievance, and received a response to his Step Two Grievance, but that the dates for these events are unknown. Complaint p. 15.

-3-

Defendants assert that the two-year statute of limitations set forth in the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-110, is the applicable limitations period. However, Plaintiff clearly states in his Complaint that he brings this action pursuant to 42 U.S.C. § 1983. Section 1983 does not contain an express statute of limitations. Therefore, in determining the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute on other grounds as stated in Jones v. R .R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir.1991) (stating that since "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim is three years. See S.C.Code Ann. § 15-3-530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." Hamilton v. Middleton, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); see Hoffman v. Tuten, 446 F.Supp.2d 455, 459 (D.S.C.2006).[3]

The incident about which Plaintiff complains occurred on October 3, 2005. He filed the present action on April 15, 2010[4], clearly outside the three-year limitations period. However,

---

[3] In their Reply, Defendants assert that, even under § 1983, the appropriate statute of limitations is two years because the action involves allegations made against employees of the state of South Carolina acting in the course and scope of their employment and, thus, the two year statute of limitations provided in the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-110 is the appropriate limitations period to adopt. However, in his Complaint, Plaintiff asserts that he brings his claims against Defendants in both their official and individual capacities. In their individual capacities, Defendants are not acting in the course and scope of their employment with the state.

[4] This is the filing date under Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities

Plaintiff argues that the statute of limitations should have been tolled pending a final response from SCDC to his Grievance, which was originally filed on October 2, 2005. He argues that because he did not receive the final response until June 9, 2009, his Complaint, which was filed less than a year later, is timely.

"The Fourth Circuit has not ruled that the statute of limitations for a section 1983 action is tolled during the PLRA exhaustion." Malik v. Ward, No. 8:08-cv-1886-RBH, 2010 WL 936777, *4 (D.S.C. Mar. 16, 2010). "However, other circuits have concluded that federal courts should toll state statutes of limitations while inmates exhaust their administrative remedies under § 1997e." Peoples v. Rogers, No. 8:10-24-CMC-BHH, 2010 WL 424201, *2 (D.S.C. Feb. 1, 2010) (citing Brown v. Morgan, 209 F.3d 595, 596 (6th Cir.2000); Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir.1999)).

In Peoples, Judge Currie noted that "[b]ecause 'the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application,' federal courts must 'also borrow [ ] the state's tolling rules-including any equitable tolling doctrines.'" Id. at *1 (citing Smith v. City of Chicago Heights, 951 F.2d 834, 839-40 (7th Cir.1992); Wade v. Danek Medical, Inc., 182 F.3d 281, 289 (4th Cir.1999) (applying same principle in diversity case, finding that "in any case in which a state statute of limitations applies-whether because it is 'borrowed' in a federal question action or because it applies under Erie in a diversity action-the state's accompanying rule regarding equitable tolling should also apply.")). The relevant South Carolina tolling statute provides "when the commencement of an action shall be stayed by injunction or statutory prohibition the time of the continuance of the injunction or prohibition shall not be part of

---

for forwarding to district court).

the time limited for the commencement of the action." S.C. Code Ann. § 15-3-100.[5] Accordingly, Judge Currie found that "a federal court applying South Carolina law must toll the statute of limitations if a 'statutory prohibition' exists which prevents a plaintiff's cause of action." Id. at *2 Judge Currie held that the PLRA's exhaustion requirement set forth in 42 U.S.C. § 1997e(a) is such a "statutory prohibition." Id. Judge Currie held that "Plaintiff could not bring suit in this court until he had exhausted his administrative remedies, which did not happen until at least October 7, 2007. Because tolling applies to the period during which Plaintiff was exhausting his administrative remedies, this court finds that the complaint was timely filed on January 4, 2010." Id.

In Peoples, Judge Currie tolled the statute of limitations for over two years. In the present case, Defendants argue to the extent the statute of limitations should be tolled at all it should only be tolled for 114 days, the amount of time provided by SCDC policy for exhausting administrative remedies, because there should be some constraint as to how long one may toll the applicable statute. In Jones v. Kay, No. 07-3480-SB, 2007 WL 4292416 (D.S.C. Dec.5, 2007), the court summarized SCDC Policy GA-01.12 ("the Grievance Policy"):

> **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; **(2)** the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; **(3)** the Warden should respond to the grievant in writing within forty (40) days; **(4)** the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and **(5)** a responsible SCDC official will have sixty (60) days to respond to the Step 2 Grievance plus five (5) days for the grievant to be served.

---

[5] Plaintiff also argues that principles of equitable tolling should apply because the prison unfairly lulled him into inaction. Under South Carolina law, "a defendant may be estopped from claiming the statute of limitations as a defense if some conduct or representation by the defendant has induced the plaintiff to delay in filing suit." Hedgepath v. Am. Tel. & Tel. Co., 348 S.C. 340, 360, 559 S.E.2d 327, 338 (Ct.App.2001). "An inducement for delay may consist of either an express representation that the claim will be settled without litigation or other conduct that suggests a lawsuit is not necessary." Id. Plaintiff has failed to present sufficient evidence to show that Defendant engaged in any conduct suggesting that a lawsuit is unnecessary.

Id., *5 (citing SCDC Inmate Grievance System Policy issued 1-1-2006). The decision of the responsible SCDC official who answers the Step 2 appeal is the SCDC's final response in the matter. Id. "Importantly, the SCDC grievance policy provides that if, at the institutional level, the response to the grievance exceeds the established time limits, the grievance will automatically proceed to the next level of appeal where the Inmate Grievance Coordinator may respond to the prisoner and resolve his complaint." Malik v. Ward, No. 8:08-cv-1886-RBH, 2010 WL 936777, *3 (D.S.C. Mar. 16, 2010) (citing SCDC Policy GA-01.12 § 13.6). "If the prisoner has not received a response "[a]fter approximately 114 days have passed, he will have exhausted 'such administrative remedies as are available.'" Id.

This court frequently relies on the 114-day period as the time frame during which a prisoner must wait before filing a § 1983 case if he has filed a Step One Grievance and has not received a response from the Inmate Grievance Coordinator. See, e.g., Jones, 2007 WL 4292416; Finch v. McCormick Corr. Inst., No. 4:07-0759-MBS-TER, 2008 WL 2076673, at *4 (D.S.C. May 8, 2008); Drakeford v. Thompson, No. 2:09-2239-RBH, 2010 WL 4884897, *3 (D.S.C. Nov. 24, 2010); Edmond v. Ozmint, No. 1:08-cv-3288-GRA, 2010 WL 3399154, *5 (D.S.C. Aug. 26, 2010). In other words, "even if the warden fails to respond to an inmate's Step 1 grievance within the time permitted under the SCDC Policy, the inmate must refrain from filing suit in federal court until all time periods for both steps to be completed have expired (approximately 114 days or four (4) months)." Finch, 2008 WL 2076673, at *4.

Defendants rely on Malik v. Ward, No. 8:08-cv-1886-RBH, 2007 WL 936777, *2 (D.S.C. Mar. 16, 2010) for their argument that the statute of limitations should begin to run once the 114-day time period passes. In Malik, Judge Harwell held that Plaintiff failed to exhaust his administrative remedies on his excessive force claim. Id. at *3. The plaintiff filed a Step One Grievance on January

28, 2004, and received a denial on August 4, 2004. Id. Plaintiff filed a Step Two Grievance on August 5, 2004, but in that Grievance he explicitly abandoned his excessive force claim. Id. In the alternative, assuming Plaintiff's excessive force claim could be considered exhausted by the passing of the 114-day time period before receiving a response on the Step One Grievance, Judge Harwell held that the claim was barred by the statute of limitations because Plaintiff filed his action more than three years after May 21, 2004, the date that the 114-day time period lapsed. Id. at *4.

The undersigned agrees with Defendants that the prohibition on bringing this action ended after the 114-day time period expired. At that point, the obstacle to filing suit ended and the statute of limitations began to run. Here, Plaintiff filed his Step One Grievance on October 3, 2005. As of January 26, 2006, 114 days had passed without Plaintiff receiving a final response to his Step One Grievance. Accordingly, Plaintiff is deemed to have exhausted his administrative remedies as of January 26, 2006, and he should have filed the present action within three years of that date, by January 26, 2009. Plaintiff did not file this action until April 15, 2010. Thus, it is barred by the statute of limitations and dismissal is appropriate.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 19) be granted and this case be dismissed in its entirety. If the district judge accepts this recommendation, all other pending motions will be moot.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 21, 2011
Florence, South Carolina

**The parties are directed to the important notice on the following page.**