UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Kelly, )<br>)<br>          Plaintiff, )<br>)<br>vs. )<br>)<br>Mr. White, Warden; Mr. Wright, Lieutenant; )<br>Ms. Issac, Officer; Mr. Davis, Officer; Mr. )<br>Bing, Lieutenant; Mr. Jones, Captain; Mr. )<br>McCant, Lieutenant; Mr. Dillinger, Captain; )<br>Mr. Valanski, Officer; Mr. Pendergrass, )<br>Officer; and Mr. Tilman, Investigator, )<br>)<br>          Defendants. )<br>_____ ) | C/A No.  4:10-982-JFA-TER<br><br><br><br>ORDER |

The *pro se* plaintiff, Leroy Kelly, brings this action pursuant to 42 U.S.C. § 1983 alleging claims of excessive force and conspiracy in violation of his civil rights while he was housed at the South Carolina Department of Corrections (SCDC).

The defendants filed a motion to dismiss and an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the dismissal and summary judgment procedure and possible consequences if he failed to adequately respond. The plaintiff responded to the motion to dismiss.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

and Recommendation wherein he suggests that the defendants' motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure should be granted because the complaint is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation which was entered on the docket on January 21, 2011. The plaintiff filed timely objections after being granted an extension of time within which to do so. The court will address these objections herein.

## PROCEDURAL BACKGROUND

Plaintiff contends that on October 3, 2005, he was assaulted by Officer Wright while the other officer defendants watched and failed to intervene. He filed the present action on April 15, 2010. During that time period, plaintiff filed a Step One Grievance Form with the SCDC on October 3, 2005. He received a response from the Inmate Grievance Coordinator on January 9, 2006, indicating that his complaint would be investigated. The plaintiff contends that shortly thereafter, he filed a Step 2 Grievance, however, the filing dates are not in the record.

## DISCUSSION

The defendants argue that plaintiff's claims of excessive force fall outside the applicable statute of limitations and, therefore, the complaint should be dismissed as untimely.

Plaintiff suggests that the court should toll the statute of limitations because of SCDC's delayed response to the grievances he filed with the SCDC. He asserts that because he did not receive the final response to his Grievance until June 9, 2009, his complaint was filed a year later and is timely.

At issue in this action is which statute of limitations to applies to this Section 1983 claim and whether equitable tolling should apply while the plaintiff was exhausting his state administrative remedies.

*Statute of Limitations*

As the Magistrate Judge notes, § 1983 does not contain an express statute of limitations, therefore, the federal courts should adopt the forum state's statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985), superseded by statute on other grounds as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991). Under South Carolina law, the statute of limitations for a personal injury claim is three years. S.C. Code Ann. § 15-3-530(5). Thus, the statute of limitations period for this action is three years.

The defendants argue that even under § 1983, the limitations period is two years under South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-110, because this action involves allegations made against employees of the State of South Carolina acting in the course and scope of their employment. However, as the Magistrate Judge correctly finds, plaintiff brings this action against the defendants in their official *and* individual capacities. Therefore, the three-year statute of limitations is proper.

*Equitable Tolling*

The Magistrate Judge notes that the Fourth Circuit has not ruled that the statute of limitations for a § 1983 action can be tolled during the PLRA exhaustion. In his Report, the Magistrate Judge cites to a number of cases in this District and in other Circuits who have reached the conclusion that federal courts should toll state statutes of limitations while inmates exhaust their administrative remedies under § 1997e. *People v. Rogers*, No. 8:10-24-CMC-BHH, 2010 WL 424201, at *2 (D.S.C. Feb. 1, 2010) *citing Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Harris v. Hegmann*, 198 F.3d 153, 157–159 (5th Cir. 1999).

Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if some conduct or representation by the defendant has induced the plaintiff to delay in filing suit. *Hedgepath v. Am. Tel. & Tel. Co.*, 348 S.C. 340, 360 (Ct. App. 2001). The plaintiff argues that equitable tolling should apply because SCDC unfairly lulled him into inaction. However, the Magistrate Judge suggests, and this court agrees, that the plaintiff has failed to present sufficient evidence to show that defendants engaged in any conduct suggesting that a lawsuit is unnecessary.

Should the court apply equitable tolling to the statute of limitations, the defendants argue that the statute of limitations should begin to run once a time period of 114 days passes. This argument is based on the SCDC Grievance Policy which guides that an inmate must refrain from filing suit in federal court until all time periods for both Step One and Step Two Grievances to be completed have expired. *Jones v. Kay*, No. 07-3480-SB, 2007 WL 4292416 (D.S.C. Dec. 5, 2007); *Finch v. McCormick Corr. Inst.*, No. 4:07-0759-MBS-TER,

2008 WL 2076673, at *4 (D.S.C. May 8, 2008).

A brief review of SCDC's Inmate Grievance Procedure GA-01.12 follows:

(1) an inmate must fill out a Form 10-5 (Step 1 Grievance) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; (2) the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; (3) the Warden should respond to the grievant in writing within forty (40) days; (4) the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and (5) a responsible SCDC official will have sixty (60) days to respond to the Step 2 Grievance plus five (5) days for the grievant to be served.

The Magistrate Judge suggests that the prohibition on bringing this action ended after the 114-day time period expired, which would be when the obstacle to filing suit ended and the statute of limitations began to run. Plaintiff filed his Step One Grievance on October 3, 2005. When plaintiff received a response from the defendants on January 26, 2006, 114 days had passed without plaintiff having receive a final response from the SCDC. Thus, plaintiff is deemed to have exhausted his administrative remedies as of January 26, 2006. Using the limitations period of three years, plaintiff's complaint should have been filed by January 26, 2009. However, it was not filed under April 15, 2010, and thus is barred by the statute of limitations.

In his objections to the Report, plaintiff takes exception to the Magistrate Judge's application of S.C. Code Ann. §15-3-530(5) contending that it not "the most ideal for the circumstances at issue" because he is a *pro se*, incarcerated litigant and faces a number of disadvantages. Plaintiff cites S.C. Code Ann. §15-3-40, and *Hardin v. Straub*, 490 U.S. 536

5

(1998), for the proposition that an incarcerated person is disabled and such a person, while confined, has up to five years from the date of occurrence to commence an action. The Court in *Hardin* held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should give effect to the State's provision tolling the limitations period for prisoners.

In the case of *Wright v. Oliver*, 99 F.3d 1133 (Table) (4th Cir. 1996), the Fourth Circuit held, in an unpublished decision, that "[p]ursuant to S.C. Code Ann. § 15-3-40 (Law. Co-op. Supp.1995), a person imprisoned on a criminal or civil charge at the time the cause of action accrues is entitled to have the statute of limitations tolled until five years beyond the applicable limitations period or such time as he or she is released from prison. In order to toll the statute of limitations, the plaintiff must have been in prison at the time his causes of action accrued."

However, while *Wright* held that a person who is imprisoned at the time a cause of action accrues is entitled to have the statute of limitations tolled, the state statute upon which the *Wright* Court relied was repealed in 1996 by the South Carolina General Assembly. 1996 S.C. Acts No. 234 (amending S.C. Code Ann. § 15-3-40 to delete the tolling provision for imprisoned persons). Therefore, South Carolina law, which applies to the issue of timeliness in this matter, did not, at the time the plaintiff asserts his claims arose, provide for statutory tolling of a limitations period based on imprisonment. *See* S.C. Code Ann. § 15-3-40 (2010) (last amended 1996).

CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference with the exception noted above.

Accordingly, the defendants' motion to dismiss (ECF No. 19) is granted; plaintiff's motion for partial summary judgment (ECF No. 40) is denied; and the remaining motions to compel (ECF No. 33) and for an extension of time (ECF No. 34) are dismissed as moot.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 16, 2011                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge